IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAWN FUQUA, on behalf of minor Deamberli FuQua, *Sui Juris in Propria Persona*, :<br>:<br>:<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>TERRY MASSEY, *et al*., :<br>:<br>Defendants. : | CIVIL ACTION NO.<br>1:13-CV-3611-RWS |

**ORDER**

This case comes before the Court on Plaintiff's Verified Petition for Permanent Injunction and Temporary Restraining Order [2], Defendants' Motion to Dismiss [11], Plaintiff's Motion to Strike Defendants' Motion to Dismiss [15],[1] Plaintiff's Affidavit of Prejudice [21],[2] and Plaintiff's Request for Entry of Default [25]. After considering the record, the Court enters the following Order.

---

[1] The Court construes Plaintiff's Motion to Strike as a Response to Defendants' Motion to Dismiss.

[2] The Court construes Plaintiff's Affidavit of Prejudice as a Motion for Recusal.

AO 72A
(Rev.8/82)

## Background

On April 19, 2013, Officer Anthony Cook of the Conyers Police Department cited Plaintiff LaShawn FuQua's daughter for public indecency and loitering.  (Dkt. [1-1, 1-2].)  Following proceedings in the City of Conyers Municipal Court, on November 1, 2013, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of her daughter, who was a minor at the time of the underlying events.  Plaintiff alleges that Defendants violated her daughter's constitutional rights by prosecuting her in municipal court without subject matter or in personam jurisdiction.  Defendants move for dismissal of all claims.

## Discussion

### I.   Construed Motion for Recusal [21]

First, the Court addresses Plaintiff's argument that recusal is warranted in this case.  Recusal under 28 U.S.C. § 455(a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted).  " '[P]rior rulings in the proceeding . . . solely because

2

they were adverse' are not ordinarily sufficient to require a § 455(a) recusal.' " United States v. Turner, No. 2:08-CR-00018-RWS, 2009 WL 529582, at *1 (N.D. Ga. Feb. 27, 2009) (citation omitted).

Plaintiff alleges that the undersigned "has demonstrated clear and blatant bias in favor of the Defendants by his numerous actions in this instant matter." (Dkt. [21] at 9.)  The Court, however, has issued only one order in this case. That order denied Plaintiff's motion to require each Defendant to have his or her own attorney.  (See Dkt. [4].)  Plaintiff cited no authority for such a request in her motion, though she now cites Federal Rule of Criminal Procedure 44, arguing that it requires the Court to grant her earlier motion.  But the Federal Rules of Criminal Procedure do not apply to civil cases.  See FED. R. CRIM. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts . . . .")  The Court's denial of Plaintiff's motion was therefore in accordance with the law and evidences no bias in favor of Defendants.  Plaintiff points to no other facts that would cause any reasonable lay observer to entertain a significant doubt about the undersigned's impartiality.  As a result, Plaintiff's construed Motion for Recusal [21] is **DENIED**.

3

AO 72A
(Rev.8/82)

**II.     Request for Entry of Default [25]**

Plaintiff also argues that the Court should enter default under Rule 55(a) because Defendants have failed to answer or otherwise defend their case. "Generally, a party must serve an answer to a complaint within 21 days of being served with the summons and complaint." Dyer v. Wal-Mart Stores, Inc., 535 F. App'x 839, 843 (11th Cir. 2013) (citing FED. R. CIV. P. 12(a)(1)(A)(i)). Pursuant to Rule 12(b), a motion to dismiss "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Once "a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon." Dyer, 535 F. App'x at 843 (quoting Lawhorn v. Atl. Ref. Co., 299 F.2d 353, 357 (5th Cir. 1962)) (internal quotation marks omitted). Because Defendants filed a timely motion to dismiss, they are not required to file an answer and have defended this case for the purposes of Rule 55(a). Therefore, the Court **DENIES** Plaintiff's Request for Entry of Default [25].

**III.    Motion to Dismiss [11]**

A.     Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to

4

dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

> The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability

5

requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Finally, because Plaintiff is acting *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

B.   Analysis

Defendants argue that Plaintiff is not permitted to represent her daughter in an action brought on the daughter's behalf. The Court agrees. As the Eleventh Circuit has explained,

> while individuals have the right to proceed *pro se*, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."), and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, FED. R. CIV. P. 17(c), a non-lawyer parent has no right to *represent* a child in an action in the child's name.

6

AO 72A
(Rev.8/82)

Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008) (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007)).  In other words, "parents who are not attorneys may not bring a *pro se* action on their child's behalf." Devine, 121 F.3d at 582.  This is precisely what Plaintiff seeks to do.  Consequently, Defendants' Motion to Dismiss [11] is due to be **GRANTED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [11] is **GRANTED**, and Plaintiff's Verified Petition for Permanent Injunction and Temporary Restraining Order [2], Motion to Strike [15], Construed Motion for Recusal [21], and Request for Entry of Default [25] are **DENIED**.

**SO ORDERED**, this   29th   day of May, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)