**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LASHAWN FUQUA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-3611-RWS |
| TERRY MASSEY, *et al.*, | : |
| | : |
| Defendants. | : |

**ORDER**

This case is before the Court for consideration of Plaintiff's Application to Appeal *In Forma Pauperis* [42]. Plaintiff brought this action on behalf of her daughter who was a minor at the time of the underlying events. Plaintiff alleges that Defendants violated her daughter's constitutional rights by prosecuting her in municipal court for public indecency and loitering without subject matter or *in personam* jurisdiction. The Court entered an Order [39] dismissing the action because Plaintiff is not permitted to represent her daughter in an action brought on her daughter's behalf. "[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf." Devine v. Indian River County School Board, 121 F.3d 576, 582 (11th Cir. 1997), overruled in part on other grounds by

Winkelman ex. rel. Winkelman v. Parma City School District, 550 U.S. 516, 535 (2007). The Court also denied Plaintiff's Motion to Strike [15], construed Motion for Recusal [21], and Request for Entry of Default [25]. Plaintiff filed a Notice of Appeal [41] seeking to appeal all of the Court's rulings. Plaintiff also filed an Application to Appeal *In Forma Pauperis* [42].

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); See Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962), for the proposition that a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted); DeSantis v. United Techs. Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").

2

AO 72A
(Rev.8/82)

Plaintiff has not presented a non-frivolous issue for appellate review. Accordingly, the Court certifies under 28 U.S.C. § 1915(a)(3) that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* [42] is **DENIED**.

**SO ORDERED**, this  16th  day of July, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE